IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


UNITED STATES OF AMERICA,                 09-CR-120-BR

          Plaintiff,                      OPINION AND ORDER

v.

ALEXANDER LUKASHOV, JR.,

          Defendant.


**DWIGHT C. HOLTON**
United States Attorney
**SCOTT M. KERIN**
**JANE H. SHOEMAKER**
Assistant United States Attorneys
1000 S.W. Third St., Suite 600
Portland, OR 97204-2902
503-727-1000

          Attorneys for Plaintiff

**PER C. OLSON**
Hoevet Boise & Olson, P.C.
1000 S.W. Broadway, Suite 1500
Portland, OR 97205
503-228-7112

          Attorneys for Defendant


1  - OPINION AND ORDER

**BROWN**, **Judge**.

This matter comes before the Court on Defendant's post-trial Motion (#140) for Judgment of Acquittal for Failure to Prove "Purpose" and Motion (#142) for Failure to Prove Venue following the jury's guilty Verdict on Count 1 - Aggravated Sexual Abuse. The Court heard argument on Defendant's Motions on September 24, 2010.  For the reasons that follow, the Court **DENIES** both Motions.


<u>BACKGROUND</u>

Defendant is an Oregon resident and a long-haul truck driver.  In February 2009 in the course of his employment, Defendant transported goods in interstate commerce during a cross-country trip from Oregon to New York and back to Oregon. When he left Oregon, Defendant took with him T.F., the eight-year old daughter of the woman with whom Defendant was living, and T.F.'s younger brother.  The two children remained with Defendant for the first part of this trip until they reached a relative's home in Montana where Defendant left the boy.  For the rest of Defendant's long-haul trip from Montana to New York and back to Oregon, T.F. was alone with Defendant.  Shortly after Defendant returned T.F. to Oregon, she reported Defendant had sexually abused her in the truck at least twice "after Montana" and at

least once more in a motel in Nevada on the return trip to
Oregon.

On April 2, 2009, Defendant was charged in a three-count
Indictment with Aggravated Sexual Abuse in violation of 18 U.S.C.
§ 2241(c) - Count 1, Travel with Intent to Engage in Illicit
Sexual Conduct in violation of 18 U.S.C. § 2423(b)(2) - Count 2,
and Transportation with Intent to Engage in Criminal Sexual
Activity in violation of 18 U.S.C. § 2423(a) - Count 3.
Defendant was arrested, detained, and the matter set for jury
trial.  At the commencement of Defendant's jury trial in July
2010, the government filed a more specific Superseding Indictment
charging Defendant with the same three crimes.

On the third day of his jury trial, Defendant filed a Motion
(#112) for Judgment of Acquittal (Venue), which was the first
time Defendant challenged this prosecution on the basis of venue.
In their written and oral arguments about venue, the parties
disagreed as to whether venue existed for these charges under
either or both prongs of the applicable venue statute, 18 U.S.C.
§ 3237 (a), and whether, in the context of the government's
evidence, venue was an issue of fact to be determined by the jury
or a question of law to be determined by the Court.  As to the
latter question, the parties relied on Ninth Circuit authorities
that did not immediately resolve the matter.  *Compare United
States v. Casch*, 448 F.3d 1115, 1117 (9th Cir. 2006)("'In a jury

3  - OPINION AND ORDER

trial, it is not for the court to determine that venue exists, and it is error for the court to decline to give [a requested venue] instruction.'" (citing *United States v. Miller,* 111 F.3d 747, 749 (10th Cir. 1997)), *with United States v. Angotti*, 105 F.3d 539, 541 (9th Cir. 1997)("'The existence of venue is a question of law [that] we review *de novo*.'" (citing *United States v. Childs*, 5 F.3d 1328, 1331 (9th Cir. 1993)).

After considering these arguments during trial in the context of the government's evidence, the Court denied Defendant's Motion.  The Court concluded the government's evidence, if believed by the jury, was sufficient to establish venue under the first prong of the statute on the basis that each of the charged Counts was a continuing offense that was completed in the District of Oregon when Defendant returned eight-year old T.F. to her home here.  The Court also concluded the government's evidence, if believed by the jury, was sufficient to establish venue under the second prong of the statute on the basis that the charged Counts were offenses that "involv[ed] . . . transportation in interstate . . . commerce" because Defendant's sexual abuse of T.F. occurred in the course of Defendant's cross-country trucking trip in interstate commerce that began and ended in Oregon.

Nonetheless, in light of *United States v. Casch* and the conflicting factual and legal theories on which venue might be

4  - OPINION AND ORDER

based in these circumstances, the Court concluded it was necessary to submit to the jury the various venue issues that the government was pursuing in an effort to minimize any need for the child victim to testify again in any retrial ordered because of the venue issues.[1]

During trial Defendant also challenged the sufficiency of the evidence as to the "purpose" element of each of the three Counts at issue, and Defendant moved for judgment of acquittal accordingly.  The Court, however, denied Defendant's trial motions for acquittal on the ground that the evidence viewed in the light most favorable to the government was sufficient to submit each Count to the jury.

In its written Final Jury Instructions as to venue pursuant to 18 U.S.C. § 3237(a), the Court instructed the jury as follows:

> In addition to its burden to prove every element of each of the Counts against the Defendant beyond a reasonable doubt, as I am about to instruct you, the government must also prove by a preponderance of the evidence:
>
> 1.  that the offense began, continued, or was completed within the District of Oregon;

---

[1] The government also contended venue could be established on an additional theory under the second prong of § 3237(a) because the charged Counts involved the movement of T.F. from, through, or into the District of Oregon.  As a precautionary matter, the Court submitted this theory to the jury as well.  As noted, the Court is now satisfied this alternative "interstate commerce" theory is erroneous, and, accordingly, the jury's factual finding in its favor should be disregarded.

2.   that the offense involved a form of
     transportation across state lines from,
     through, or into the District of Oregon;
     and/or

3.   that the offense involved transporting a
     person from, through, or into the District
     of Oregon.

As to the elements of Count 1, Aggravated Sexual Abuse

Abuse,[2] the Court instructed the jury in part as follows:

In order for the Defendant to be found guilty of
[Count 1], the government must prove each of the
following elements beyond a reasonable doubt:

**First**, the Defendant traveled across a state line
with the intent to engage in a sexual act with
T.F.;

**Second**, at the time, T.F. had not yet reached the
age of twelve(12) years; and

**Third**, the Defendant knowingly engaged in a sexual
act with T.F. With respect to the  First Element,
the government need not prove that the Defendant
traveled across a state line for the sole and
exclusive purpose of engaging in the sexual act.
A person may have different purposes or motives
for travel and each may prompt in varying degrees
the act of making the journey.  For purposes of
the First Element, the government need only prove
beyond a reasonable doubt that a dominant,
significant, or motivating purpose of Defendant's
travel across a state line was to engage in a
sexual act with a person who had not yet attained
the age of twelve (12) years.  In other words, the

---

[2] 18 U.S.C. § 2241(c)provides in part:

Whoever crosses a State line with intent to engage in a
sexual act with a person who has not attained the age
of 12 years, . . . knowingly engages in a sexual act
with another person who has not attained the age of 12
years . . . shall be . . . imprisoned for not less than
30 years or for life.

> > government must prove the sexual act was not
> > merely incidental to the travel.

Jury Inst. at 12-13.

As to the elements of Count 2,[3] Travel with Intent to Engage in Illicit Sexual Conduct, the Court instructed the jury in part as follows:

> In order for the Defendant to be found guilty of [Count 2], the government must prove each of the following elements beyond a reasonable doubt:
>
> > **First**, the Defendant traveled in interstate commerce;
> >
> > **Second**, the Defendant did so for the purpose of engaging in illicit sexual conduct with T.F.; and
> >
> > **Third,** at the time, T.F. was under the age of eighteen (18).
>
> > > \* \* \*
>
> With respect to the Second Element, the government need not prove that the Defendant's sole and exclusive purpose in traveling was to engage in the illicit sexual conduct. Again, a person may have different purposes or motives for travel and each may prompt in varying degrees the act of making the journey. For purposes of the Second Element, the government must prove beyond a reasonable doubt that a dominant, significant, or motivating purpose of the travel across state lines was to engage in illicit sexual conduct with a person who had not yet attained the age of eighteen (18) years. In other words, the

---

[3] 18 U.S.C. § 2423(b) provides in part:

> A person who travels in interstate commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be . . . imprisoned not more than 30 years.

> government must prove the illicit sexual
> conduct was not merely incidental to the travel. . . .

Jury Inst. at 14-15.

As to the elements of Count 3, Transportation with Intent to Engage in Criminal Sexual Activity,[4] the Court instructed the jury in part as follows:

> In order for the Defendant to be found guilty of [Count 3], the government must prove each of the following elements beyond a reasonable doubt:
>
> > **First**, the Defendant knowingly transported T.F. across state lines;
> >
> > **Second**, at the time, T.F. had not yet reached the age of eighteen (18) years; and
> >
> > **Third,** the Defendant intended that T.F. engage in sexual activity with him for which the Defendant could also be charged with Aggravated Sexual Abuse (as defined in these instructions as to Count 1).
>
> As with Counts 1 and 2, the government need not prove that the Defendant transported T.F. across state lines for the sole and exclusive purpose of engaging in the illegal sexual activity.  A person may have different purposes or motives for travel and each may prompt in varying degrees the act of making the journey.  For purposes of the First and Third Elements, the government must prove beyond a reasonable doubt that a dominant, significant, or motivating purpose of the travel across state lines was to engage in the illegal sexual activity with a person who had not yet attained

---

[4] 18 U.S.C. § 2423(a) provides in part:

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate . . . commerce, . . . with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense, shall be . . . imprisoned not less than 10 years or for life.

> the age of twelve (12) years.  In other words, the
> government must prove the illicit sexual conduct was
> not merely incidental to the travel.

Jury Inst. at 15-16.

During their deliberations, the jury submitted a number of

notes to the Court seeking guidance on several issues.  In one of

the notes, the jury questioned the instructions as to the

"purpose" element for Count 3:

> Regarding Count 3, we are requesting clarification of
> the sentence on Page 16 "For the purposes of the First
> and Third Elements . . . that a dominant, significant,
> or motivating purpose of the travel across state lines
> was to engage . . . ."  This sentence appears almost
> exactly as it does in Count 2.  We are operating under
> the assumption that in the case of Count 3, we are to
> interpret this as travel with T.F. (i.e. the act of
> transporting her across state lines).  An accurate
> interpretation is critical to our ruling on this count.
> Please advise.

Jury Note (#134)(emphasis in original).  With the concurrence of

counsel, the Court responded as follows:

> Your interpretation is correct.  The sentence on p. 16 of
> the instructions to which you refer may have been more
> specifically written as follows:
>
> For purposes of the First and Third Elements, the
> government must prove beyond a reasonable doubt that a
> dominant, significant, or motivating purpose of
> Defendant's transporting T.F. across state lines was to
> engage in the described illegal sexual activity with
> T.F., a person who had not yet attained the age of twelve
> (12) years.
>
> You may substitute this more specific language for the
> sentence in question as you consider the instructions as
> a whole.

Jury Note (#134).

9  - OPINION AND ORDER

After deliberations that extended over two days, the jury returned a Verdict in which it found Defendant guilty of Count 1 and not guilty of Count 2.  As to venue for Count 1, the jury found the government did not establish venue (under the first prong of § 3237(a)) as a continuing offense that began, continued, or was completed in Oregon.  The jury, however, found venue as to both of the venue options covered in the Court's Instructions under the second prong of § 3237(a).  The jury was unable to reach a unanimous verdict as to Count 3.[5]

## STANDARDS

In deciding a motion for judgment of acquittal, the court "view[s] the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Tello,* 600 F.3d 1611, 1164 (9th Cir. 2010).  The court must determine "whether there was any relevant evidence from which the jury could reasonably find [the defendant] guilty beyond a reasonable doubt." *United States v. Brandon,* 633 F.2d 773, 780 (9th Cir. 1980).

---

[5] Count 3 remains pending.  The Court assumes the government intends to dismiss it without prejudice at the time the Court sentences Defendant on Count 1, and pending Defendant's appeal.

10 - OPINION AND ORDER

<u>**DISCUSSION**</u>

Defendant contends he is entitled to a judgment of acquittal because, even when viewed in the light most favorable to the government, the evidence was not sufficient to prove the requisite "purpose" element necessary to uphold the jury's guilty Verdict as to Count 1 for Aggravated Sexual Abuse in violation of 18 U.S.C. § 2241(c) or to prove venue for Count 1 in the District of Oregon.

**I.    Motion for Judgment of Acquittal for Failure to Prove "Purpose."**

As noted, as to the intent element of "Aggravated Sexual Abuse," the Court instructed the jury that the government was required to prove beyond a reasonable doubt that "the Defendant traveled across a state line with the intent to engage in a sexual act with T.F.," which meant the government had to prove

> **a** dominant, significant, or motivating purpose of Defendant's travel across a state line was to engage in a sexual act with T.F.  In other words, the government must prove the sexual act was not merely incidental to the travel.

Emphasis added.

Even viewing the evidence in the light most favorable to the government, however, Defendant asserts there was only one "dominant, motivating, or significant purpose" of Defendant's interstate travel (to deliver his commercial load in New York and then to return to Oregon), and, therefore, no reasonable juror

11 - OPINION AND ORDER

could find on this record that Defendant traveled across a state
line with the requisite intent to sexually abuse T.F.   In
addition, Defendant argues the jury's guilty finding as to Count
1 is inconsistent with the not guilty finding as to Count 2 and
with the inability of the jury to reach a unanimous verdict as to
Count 3.   According to Defendant, the only substantive difference
in the Jury Instructions as to the "purpose" elements in these
Counts is that the jury was instructed as to Count 1 that the
government must prove "a dominant, significant, or motivating
purpose of Defendant's travel across a state line was to engage
in a sexual act with plaintiff" whereas the jury was instructed
as to Count 2 that the government must prove "a dominant,
significant, or motivating purpose of Defendant's travel across
state lines was to engage in illicit sexual conduct with [a
minor]."  Emphasis added.

The government maintains the overwhelming evidence supports
a finding beyond a reasonable doubt that after Defendant left
T.F.'s brother in Montana, "a" dominant purpose of Defendant's
continued travel with T.F. during the remainder of the trip to
New York and back to Oregon was to sexually abuse T.F. from time
to time.

The Court agrees with the government.  Because the jury's
guilty Verdict on Count 1 means the government proved beyond a
reasonable doubt that Defendant actually engaged in a sexual act

12 - OPINION AND ORDER

with T.F., a fact Defendant adamantly denied when he testified, the Court accepts as established fact *all* of T.F.'s testimony about the numerous sexual acts Defendant committed against her on at least three occasions in at least three different locales in the course of Defendant's long-haul trip.  Thus, there is ample direct and circumstantial evidence from which rational jurors could conclude that between the time Defendant and T.F. proceeded east after leaving T.F.'s brother in Montana and thereafter continued to New York and then back west through Nevada to Oregon, Defendant "traveled across **a** State line with the intent to engage in a sexual act with T.F."  Because the jury rationally could have found Defendant sexually abused T.F. on at least three separate occasions and in at least two different states during this trip, the jury could easily have found Defendant crossed at least one state line after he first abused T.F. in the truck and before the second time he did so and that he then crossed at least one other state line before he assaulted T.F. again in Nevada.  These multiple acts of sexual abuse clearly support a finding that "**a** dominant purpose" of Defendant in crossing at least one state line with T.F. "after Montana" was to engage in a later illegal sexual act with T.F., which, as found by the jury, he did do.

Notwithstanding Defendant's requested Instruction No. 33 in which he asked the Court to instruct that the Government prove

the requisite "purpose element" for this offense was **the**
**"**dominant, significant, or motivating purpose" of the travel,
the law is well-settled that it need only be **a** "dominant,
significant, or motivating purpose**"** and not the sole purpose of
Defendant's travel. *See, e.g., United States v. Kinslow,* 860
F.3d 963, 967 (9th Cir. 1988)(federal crimes involving sexual
misconduct exist if that activity is "one of the dominant
purposes of the transportation" across state lines).  As noted,
the Court instructed the jury on this issue accordingly.

Moreover, it is clear from the jury's Verdict and the
jurors' notes to the Court in the course of their deliberations
that the jurors were conscious of and adherent to the specific
language of the instructions and likewise mindful that there were
differences between elemental formulations in the instructions
(which tracked the different statutory requirements for the
charged offenses).  As noted, § 2241(c) involves a person who
"crosses a State line with intent to engage in a sexual act with
a person" under age 12, § 2423(b) involves a person who "travels
in interstate commerce . . . for the purpose of engaging in
illicit sexual conduct with another person," and § 2423(a)
involves a person who "knowingly transports" a person younger
than 18 "in interstate commerce . . . with the intent that the
individual engage in . . . any sexual activity" for which one can
be prosecuted.  Thus, the instruction for Count 1 required the

14 - OPINION AND ORDER

government to prove that Defendant "crossed **a** state line" for the described illegal purpose whereas the instruction for Count 2 required the government to prove that Defendant "traveled in interstate commerce" for the described illegal purpose.[6]

The Court also agrees with the government that the jury's guilty Verdict on Count 1 is not inconsistent with its acquittal of the Defendant on Count 2 or with the fact that it could not reach a verdict on Count 3. The jury's acquittal on Count 2 likely occurred because the jurors were not persuaded beyond a reasonable doubt that a dominant purpose of Defendant's "travel in interstate commerce" (which they could have understood to mean all of his travel from Oregon, east to New York, and back to Oregon and not just across some state lines) was for the described illegal purpose. That is not inconsistent with the jury being satisfied beyond a reasonable doubt that Defendant crossed at least one state line with the intent to engage in a sexual act with T.F. in the course of Defendant's long-haul trip. Similarly, because the evidence as to Count 3 was equivocal as to why T.F. was along on the trip in the first place, the jury could

---

[6] As to Count 3, the Court instructed the jury that the government was required to prove that Defendant transported T.F. "across state lines" with the described specific intent, but § 2423(a) requires the transportation of the victim "in interstate . . . commerce." Although the Court concludes its use of "across state lines" at this juncture was probably a formatting error, this disparity is moot in light of the fact that the jury hung on this Count.

15 - OPINION AND ORDER

have had different views as to whether Defendant transported T.F.
across more than one state line with the intent that T.F. engage
in the requisite specific sexual activity with him and,
nonetheless, be satisfied beyond a reasonable doubt that at some
point after Defendant left T.F.'s brother in Montana, Defendant
crossed "**a**" state line with the intent to engage in a sexual act
with T.F. and then knowingly did so.

Even inconsistent verdicts, however, do not require a
judgment of acquittal "unless there is insufficient evidence to
sustain the guilty verdict." *United States v. Van Brandy*, 726
F.2d 548, 552 (9th Cir. 1984)(an inconsistent verdict does not
require reversal unless the evidence supporting the verdict was
insufficient).

Viewing this record in the light most favorable to the
government and considering the compelling testimony of T.F. about
her sexual abuse (which the jury obviously believed), the Court
concludes there is ample evidence to support the jury's guilty
Verdict on Count 1.   Accordingly, the Court denies Defendant's
Motion for Judgment of Acquittal for Failure to Prove "Purpose"
as to Aggravated Sexual Abuse - Count 1 of the Indictment.

**II.  Motion for Judgment of Acquittal - Failure to Prove Venue.**

In a criminal case, the government must prove proper venue
by a preponderance of the evidence. *United States v. Pace,* 314
F.3d 344, 349 (9th Cir. 2002).   Defendant contends the government

16 - OPINION AND ORDER

failed to meet its burden of proving that venue was proper in the
District of Oregon under 18 U.S.C. § 3237(a), which provides in
relevant part:

> [A]ny offense against the United States begun
> in one district and completed in another or
> committed in more than one district, may be
> inquired of and prosecuted in any district in
> which such offense was begun, continued, or
> completed.
>
> Any offense involving . . . transportation in
> interstate . . . commerce, or transportation
> of . . . [a] person into the United States is
> a *continuing offense* and, except as otherwise
> expressly provided by enactment of Congress,
> may be inquired of and prosecuted in any
> district *from, through or into* which such
> commerce or . . . imported person moves.

Emphasis added.

According to the government, it proved venue under § 3237(a)
because it proved by a preponderance of the evidence that
Defendant's long-haul trucking trip with T.F. was a continuing
offense that ended in the State of Oregon (first prong) and a
continuing offense that "involv[ed] . . . transportation in
interstate . . . commerce" (second prong) during which commerce
moved from, through, and back into the District of Oregon.

In particular as to the second prong, the government
contends venue is proper in Oregon because Defendant's sexual
abuse of T.F. was a continuing offense that occurred "on" a form
of transportation in interstate commerce during which Defendant
moved out of and back into Oregon.  *See United States v.*

17 - OPINION AND ORDER

*Breitweiser,* 357 F.3d 1249, 1253 (11th Cir. 2004)("To establish venue the government need only show that the crime took place on a form of transportation in interstate commerce."). *See also United States v. King,* 604 F.3d 125, 139 (3d Cir. 2010)("Because this [is] a continuing offense, venue is appropriate in any district where [the defendant] transported or abused [the victim]."). Indeed, the government emphasizes the sexual abuse in this case has a "tight connection" to interstate commerce because it occurred repeatedly in the course of a trip during which Defendant and T.F. crossed multiple state lines while Defendant was transporting goods in interstate commerce. Moreover, the government asserts Defendant's transportation of goods in commerce "enabled the crime to continue" across several state lines.

Nevertheless, Defendant asserts venue is lacking in Oregon because the jury answered "No" to the question whether the government proved by a preponderance of the evidence that Count 1 "began, continued, or was completed in Oregon" (as to the first prong of § 3237(a)) and because the jury's affirmative answers to the remaining venue questions were legally erroneous (as to the second prong of § 3237(a)).

**A.    Venue under first prong of § 3237(a).**

In hindsight, the Court believes its venue instructions to the jury did not give sufficient guidance about the alternate

venue theories on which the government was proceeding after these
venue issue arose during trial.  As to Count 1, the Court likely
should have instructed the jury that if it found Defendant guilty
and thereby found as fact that Defendant crossed a state line
with the intent to engage in the requisite sexual act with T.F.
and that Defendant then knowingly engaged in that sexual act with
T.F., then the offense was, as a matter of law, a "continuing
offense" (under the first paragraph of § 3237(a)) because the
offense was completed in the District of Oregon when Defendant
returned this eight-year old victim to her home.  When the jury
found beyond a reasonable doubt the facts necessary to convict
the Defendant on Count 1, the Court now concludes there were not
any additional facts for the jury to find as to venue under
*United States v. Casch* before the Court should have determined
venue was established on this theory as a matter of law under
*United States v. Angiotti* and *United States v. Childs*.  In other
words, when the government proved the substantive elements of
Count 1 beyond a reasonable doubt, it necessarily proved by a
preponderance of the evidence the factual predicate for a legal
determination that Defendant's ongoing sexual abuse of T.F. was a
continuing offense because it began sometime after T.F.'s brother
was left in Montana but before Defendant carried his commercial

19 - OPINION AND ORDER

load to New York, continued specifically through Nevada during the trip back to Oregon, and ended when the Defendant completed the trip and returned this minor child who was in his physical custody and control to the District of Oregon.  In addition, finding that venue in Oregon is proper under the first prong of § 3237(a) is consistent with general policy considerations behind venue provisions; *i.e.,* conducting the trial in a place convenient to the parties and the witnesses, all of whom in this case were from Oregon when the child victim was unable to pinpoint geographically all of the places along the trip where Defendant abused her.

Although the Court respects and understands the jury's finding on this venue issue, the Court now concludes the issue as to the first prong § 3237(a)) became a question of law when the jury found Defendant guilty of Count 1.  Thus, to the extent the Court has the authority to determine venue was established under the first prong of § 3237(a)) as a matter of law at this post-verdict stage, it now does.

**B.   Venue under the second ("interstate commerce") prong of § 3237(a).**

The jury, however, also answered "yes" to both of the questions regarding the government's venue theories under the "interstate commerce" prong of § 3237(a).  Although the Court now

agrees with Defendant that the Court should not have instructed
the jury as to the government's third venue theory ("transporting
a *person* from, through, or into the District of Oregon") and,
therefore, disregards this particular finding for purposes of the
venue requirement, the Court, nonetheless, concludes, consistent
with the Eleventh Circuit's analysis in *United States v.
Breitweiser,* that the jury's guilty verdict and affirmative
finding that Count 1 "involved a form of transportation across
state lines from, through, or into the District of Oregon" is an
independent basis sufficient to support venue for Defendant's
conviction on Count 1.

In reaching this conclusion, the Court has considered and
rejected Defendant's argument that the Court should employ a
"categorical approach" when determining whether Count 1 is a
continuing offense that would fall within the reach of the second
prong of § 3237(a).  In particular, Defendant contends the Court
should focus on the elements of Count 1 in order to determine
whether it involves a form of interstate transportation that
may constitute a "continuing offense across state lines."  *See
United States v. Brennan,* 183 F.3d 139, 145-146 (2d Cir. 1999).
Because Aggravated Sexual Abuse does not include any element of
transportation, interstate or otherwise, *involving commerce*,

Defendant argues it cannot be prosecuted as a continuing offense under the second prong of § 3237(a).  Although the Court agrees Aggravated Sexual Abuse does not require proof of an interstate-commerce element, the offense does include the crossing of a state line as an element, thereby incorporating the element of interstate travel.  The jury was so instructed and found Defendant guilty of that offense.  Moreover, on the occasions that Defendant committed the offense against T.F., he was actively engaged in both delivering commercial goods in commerce and returning to Oregon after the delivery of those goods.

On this factual record, the Court concludes the second prong of the venue statute also applies here.  Defendant's sexual abuse was a continuing offense because, as established by a preponderance of the evidence, it "involv[ed] transportation in interstate . . . commerce," which could be prosecuted in the District of Oregon because Oregon is a district "from, through, or into which such commerce . . . moves."  *See* 28 U.S.C. § 1327(a).


## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#140) for Judgment of Acquittal for Failure to Prove "Purpose" and **DENIES** Defendant's Motion (#142) for Judgment of Acquittal for Failure to Prove Venue as to Count 1 of the Indictment in

22 - OPINION AND ORDER

which Defendant is charged with the crime of Aggravated Sexual
Abuse.

The parties are directed to confer with the Courtroom Deputy
to schedule this matter for sentencing on Count 1.

IT IS SO ORDERED.

DATED this 28th day of September, 2010.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge